**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **RONALD FOSTER,** | : | **Case No. 1:04CV2024** |
| | : | |
| **Plaintiff,** | : | **JUDGE KATHLEEN O'MALLEY** |
| | : | |
| **v.** | : | |
| | : | **ORDER** |
| **WILLIAM C. FORD,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

        This matter arises on Defendants' *Motion to Dismiss under Rule 12 or Alternatively a Motion*

*to Strike Reference* ("Motion to Dismiss") (Doc. 3).  Additionally, Defendants filed a *Supplemental*

*Motion to Dismiss under Rule 12 or Alternatively, a Motion for Summary Judgment* ("Supplemental

Motion to Dismiss") (Doc. 4).[1]  In response, Plaintiff Ronald Foster ("Plaintiff" or "Foster") filed an

*Opposition to Defendants' Motion to Dismiss* (Doc. 8).  The Defendants have not filed a reply.  For the

---

[1]        The Defendants also filed multiple notices relating to exhibits that were referenced, but
        not included, in their Supplemental Motion to Dismiss. *See* Docs. 9, 10, and 11.  Do
        to technical difficulties, multiple notices (attaching the proper exhibits) were filed in an
        effort to provide the Court with the intended documentation, which the Court presumes
        it has now received.

reasons outlined further below, the Defendants' Motion to Dismiss is **GRANTED** and the Plaintiff's claims

are **DISMISSED.**

## I.      FACTUAL BACKGROUND

The following facts are based on the Plaintiff's Complaint and opposition brief.  On or about April

3, 2000, Ronald Foster executed a Lease Agreement ("Agreement") with Liberty Ford of Bedford, Ohio

("Liberty Ford") in connection with the lease of a 2000 Ford Focus.  Pursuant to the terms of the

Agreement, Liberty Ford (the original lessor) assigned its rights to Ford Motor Credit Company

("FMCC").  The Agreement required Foster to make monthly lease payments in the amount of $295.00,

each due on the 30th of every month until July 8, 2003.  On or about July 8, 2003, Foster paid the final

lease payment and  returned the vehicle to the dealership in accordance with the terms of the Agreement.[2]

On or about January 30, 2004, Foster received a letter from FMCC assessing additional charges

totaling $4,615.66.  On or about February 24, 2004, FMCC sued Foster in the Shaker Heights Municipal

---

[2]     As outlined in their Motion to Dismiss, the Defendants view of the facts surrounding
        FMCC's reacquisition of the vehicle differs significantly from Foster's.  FMCC agrees
        with Foster that the Agreement began on April 3, 2000, but disagrees with his
        characterization of most other aspects of the Agreement and their subsequent
        interactions.

        FMCC contends that the original Agreement was set to terminate after thirty-five (35)
        months – i.e., in March 2003, with each installment to be paid on the 3rd of each month.
        On October 2, 2001, however, FMCC and Foster entered into a Red Carpet Lease
        Extension Agreement that shifted the payment dates to the 30th of each month and the
        lease termination date to April 30, 2003.  When Foster failed to return the vehicle on
        April 30, 2003, FMCC eventually repossessed it and sold it at an auto auction.  The
        repossession occurred sometime after July 8, 2003.  Due to a deficiency in Foster's
        account, FMCC also filed suit against Foster in Shaker Heights Municipal Court on
        February 24, 2004.

Court in connection with the deficiency in his account. *See Ford Motor Credit Company v. Ronald Foster*, Case Number 04 CVF 00264 (Shaker Heights Municipal Court).  Foster filed an Answer and Counterclaim in that case alleging that FMCC, Greg C. Smith, Ford Motor Company, Barbara Micul, and Weltman, Weinberg & Reis (also the Defendants in this case) violated the Truth in Lending Act ("TILA") 15 U.S.C. § 1601 *et seq.*, the Ohio Consumer Sales Practices Act ("OCSPA") Ohio Rev. Code §1345.01 *et seq.*, the Ohio Retail Installment Sales Act ("ORISA") Ohio Rev. Code §1317.01 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA")15 U.S.C. §1692k *et seq.*, and the Equal Credit Opportunity Act ("ECOA") 15 U.S.C. §1691 *et seq*.

On October 6, 2004, Foster  filed this case against FMCC, Greg Smith, Ford Motor Company, William C. Ford, Barbara Micul, and Weltman Weinberg, and Reis (collectively "Defendants") wherein he repeats his allegations that the defendants violated TILA, FCDPA, and ECOA.

On November 3, 2004, the Shaker Heights Municipal Court granted summary judgment in favor of FMCC and against Foster  with regard to his counterclaims, which asserted identical claims against the same individuals and entities who are defendants in this case.  That judgment serves as the Defendants' primary basis for seeking dismissal of this case *via* the doctrine of *res judicata.*

## II.      DISCUSSION

### A.      Legal Standard

Under Fed. R. Civ. P. 12(b)(6), the Court may dismiss a claim for failure to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) is directed solely at the complaint itself. *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th  Cir. 1983), citing *Sims v. Mercy Hospital of Monore*, 451  F.2d 171, 173 (6th Cir. 1971).  Rule 12(c) authorizes dismissal on the

3

pleadings when no matters are presented to, or excluded by, the Court.  When evaluating a complaint in

light of a motion to dismiss, the Court must accept all of the plaintiff's allegations as true.[3]  *Craighead v.*

*E.F. Hutton & Co.*, 899 F.2d 485, 489 (6th Cir. 1990).  "[A] complaint should not be dismissed for

failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support

of his claim which would entitle him to relief."  *Id*. (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46

(1957)).

> **B.      Analysis**

In their motion (and supplement), the Defendants seek dismissal based on three primary legal

theories – *res judicata*, collateral estoppel, and abstention.[4]  Because the doctrine of *res judicata* is

dispositive and requires dismissal of the Plaintiff's claims, the Court need not address the other themes.

The Full Faith and Credit Act, 28 U.S.C. §1738,  requires federal courts to give state court

judgments the same preclusive effect they would have in the issuing courts.  *Maresse v. American*

*Academy of Orthopaedic Surgeons*, 470 U.S. 373, 384 (1985).  A federal court must apply the law of

the state where the prior judgment was rendered when determining whether, and to what extent, the prior

judgment should be given preclusive effect in a federal action.  *See* 28 U.S.C. § 1738; *Migra v. Warren*

*City Sch. Dist. Bd. of Educ.*, 465 U.S.75, 81 (1984); *Reithmiller v. Blue Cross & Blue Shield of Mich.*,

---

[3]     Though the Court acknowledges the clear disagreement among the parties as to the facts relating to the Agreement, the Court accepts as true the Plaintiff's version of events for the purposes of ruling on the Motion to Dismiss.

[4]     Defendants' Motion to Dismiss (Doc. 3) also cursorily argues that the Plaintiff has failed to state a claim upon which relief can be granted because he has failed to allege sufficient facts to establish a relationship between himself and the Defendants.  Given the Court's conclusion that res judicata bars the Plaintiff's claims, it does not reach this brief argument.

4

824 F. 2d 510, 511 n.1 (6th Cir. 1987). This Court, therefore, must look to Ohio preclusion law to determine the effect, if any, of the Shaker Heights Municipal Court judgment in the present case. *See Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F. 2d 658, 661 (6th Cir. 1990).

The term "*res judicata*" has several different meanings depending on the context in which it is used. *Holzemer v. Urbanski*, 86 Ohio St. 3d 129 (1999). In Ohio, *res judicata*, used in a narrow sense, has often been synonymous with what today is referred to as "claim preclusion." *Holzemer v. Urbanski*, 86 Ohio St. 3d 129 (1999). In *Grava v. Parkman Twp*., 73 Ohio St. 3d 379 (1995), the Supreme Court of Ohio adopted an expansive view of claim preclusion when it held that "a valid final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject of the previous action." In addition, "an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit." *Holzemer v. Urbanski*, 86 Ohio St. 3d 129 (1999) (citing *Rogers v. Whitehall*, 25 Ohio St. 3d 67, 69 (1986); *Natl. Amusements, Inc. v. Springdale*, 53 Ohio St. 3d 60, 62; *Grava,* 73 Ohio St. 3d at 382. Accordingly, in Ohio, a prior judgment has preclusive effect in a pending case if four elements are satisfied:

1. A prior final valid decision on the merits by a court of competent jurisdiction;

2. A second action involving the same parties, or their privies, as the first;

3. A second action raising claims which were or could have been litigated in the first action; and

4. A second action arising out of the transaction or occurrence that was the subject matter of the previous action.

*Felder v. Community Mutual Insurance Co.*, 110 F.3d 63, 67 (6th Cir. 1997) (setting forth Ohio law

on *res judicata*).

Defendants contend that these elements are satisfied here, such that the Plaintiff's claims are barred. The Plaintiff's thirty-two (32) page opposition brief offers no direct response to the Defendants' argument on this point. Instead, it addresses issues relating to the merits (not the procedural aspects) of Plaintiff's TILA, FDCPA, and ECOA claims, whether Plaintiff's counterclaims in the state court action were permissive or compulsory, and whether federal jurisdiction exists over those counterclaims. The Defendants' argument that *res judicata* precludes Plaintiff from re-litigating his claims here is, therefore, essentially unopposed. Nevertheless, the Court analyzes below the merits of that argument and ultimately finds that it is well-taken.

First, this federal action involves the same parties as the state action due to Foster's counterclaim in the state case. Defendants and Plaintiff were actual adversarial parties in both the state and federal cases. *See* Docs.1 and 3, Ex. A. Similarly, it is clear that all of the claims asserted in this case were litigated in the state action via the counterclaim. Plaintiff alleged claims based on TILA, EOCA, and FDCPA in both his state counterclaim and his federal complaint. *See* Docs 1 and 3, Ex. A. Further, the present federal action arises out of the same transaction that was the subject matter of the state action – i.e., the Agreement entered into by the parties and the subsequent events relating to the repossession of the vehicle and the deficiency in the Plaintiff's account.

Finally, the Shaker Heights Municipal Court granted summary judgment in favor of Defendants, that court specifically granted judgment against Foster on his counterclaims. This action constitutes a prior final decision on the merits by a court of competent jurisdiction. *See* Doc. 11. In Ohio, summary judgment

6

terminates a party's action on the merits and a subsequent filing of an action decided on summary judgment is prohibited by the doctrine of *res judicata.* *A-1 Nursing Care of Cleveland, Inc. v. Florence Nightingale Nursing, Inc.*, 97 Ohio App. 3d 623 (Ohio Ct. App. 1994). Accordingly, the elements for application of *res judicata* are met in this case and Plaintiff's federal claims must be DISMISSED.

## III.     CONCLUSION

For the foregoing reasons, Plaintiff's claims are precluded by the doctrine of *res judicata*. Accordingly, Defendants' Motion to Dismiss (Doc. 3) and Supplemental Motion to Dismiss (Doc. 4) are **GRANTED** and Plaintiff's claims are **DISMISSED.**

**IT IS SO ORDERED.**

> **s/Kathleen M. O'Malley**
> **KATHLEEN McDONALD O'MALLEY**
> **UNITED STATES DISTRICT JUDGE**

**Dated: July 13, 2005**